UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| TRAVIS R. NORWOOD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 5:19-cv-00491 |
| v. | ) |
| | ) |
| E. LAVOYD MORGAN JR., | ) |
| ASSOCIATES L.C., *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), filed on July 1, 2019. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's ***Application*** be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On July 1, 2019, Plaintiff, acting *pro se* and in confinement at Mount Olive Correctional Complex in Mt. Olive, West Virginia, filed his Application to Proceed Without Prepayment of Fees and Costs and a Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (ECF Nos. 1, 2) In his Complaint, Plaintiff names the following as Defendants: (1) E. Lavoyd Morgan, Jr. Associates L.C.; and (2) E. Lavoyd Morgan, Jr. (ECF No. 2 at 1 and 3) Plaintiff alleges that on May 24, 2017 he retained Defendants to represent him in a criminal proceeding in the Circuit Court of Greenbrier County, West Virginia, Criminal Action Number 16-F-136 "for the sum of

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S.

1

$8,000.00." (Id. at 3) Plaintiff alleges that on June 12, 2017, Defendants sent him a "Retainer Agreement" and an "Order Substitu[t]in[g] Counsel", but on the date of his trial, September 25, 2017, nobody from Defendant Morgan's law firm appeared. (Id. at 3-4) Plaintiff asserts that the Judge informed him that nobody filed any motions on his behalf, but he was "going to have trial that day." (Id. at 4) Plaintiff alleges that he was sentenced to life without parole "for a crime that could be expunged, or a fine." (Id.) Plaintiff asserts that he filed a complaint against Defendant Morgan with the Office of Disciplinary Counsel. (Id.) Plaintiff alleges that Defendants will not refund his $8,000 retainer. (Id.)

As relief, Plaintiff requests that counsel be appointed to him, that his $8,000 retainer be refunded and that he be awarded $3,000,000 for compensatory and punitive damages. (Id.) Plaintiff also asks that the Court order Defendants to pay for all costs associated with this suit and "to pay $500,000 in associated cost of appeal of the life sentence [due] to [Defendants'] legal malpractice." (Id. at 4-5)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an

---

519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

**1.     Improper Parties:**

In his Complaint, Plaintiff names the following as Defendants: (1) E. Lavoyd Morgan, Jr. Associates L.C.; and (2) E. Lavoyd Morgan, Jr. (ECF No. 2, at 1, 3) Plaintiff appears to contend that Defendants violated his constitutional rights by providing ineffective assistance of counsel. (Id., at 1-3) Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that Defendants are not a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Additionally, there is no allegation or indication that E. Lavoyd Morgan, Jr. Associates L.C. was acting under the color of state law or had a contract with the State. See West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1998)(A private entity that contracts with the State to provide medical services acts "under color of state law."); also see Monell v. Dep't of Soc. Services, 436 U.S. 658, 690, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978)(A corporation acting under color of State law can be held liable under Section 1983 only for unconstitutional policies and practices.); Motto v. Correctional Medical Services, 2007 WL 2897854 (S.D.W.Va. Sept. 27, 2007). Based on the foregoing, the undersigned finds that Plaintiff cannot pursue a Section 1983 claim against the named Defendants. Notwithstanding the foregoing, the undersigned will briefly consider Plaintiff's claim.

**2.     Challenge to State Conviction:**

Plaintiff appears to allege that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Greenbrier County. (ECF No. 2, at 3-4) Specifically, Plaintiff appears to challenge the validity of his conviction in Criminal Action Number 16-F-136 based upon allegations of ineffective assistance of counsel. (Id.) Plaintiff states that his criminal trial was conducted on September 25, 2017, and "no one from Morgan Law Firm [was] there" to represent him. (Id.) Plaintiff indicates that he was required to proceed to trial without the assistance of counsel and he was "sentenced to life without parole for a crime that could be expunged, or a fine." (Id.) Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during criminal proceedings in the Circuit Court of Greenbrier County, West Virginia. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

> order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in *habeas* proceedings or that he even initiated such a proceeding. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

**3.      State Law Claims:**

Plaintiff's claim against the Defendants also sounds in a breach of contract claim. Under West Virginia law, the undersigned finds that District Court should decline to exercise supplemental jurisdiction over such a claim. The District Court has supplemental jurisdiction over State law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." United Mineworkers of America v. Gibbs, 383 U.S. 718, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)(citation omitted).

It is apparent from the complaint that the criteria for original jurisdiction pursuant to 28 U.S.C. § 1332 is absent in this case, given the lack of diversity of the parties, the amount in controversy notwithstanding. Moreover, Plaintiff asserts that "[i]n October I filed a complaint against E. Lavoyd Morgan, Jr. Esquire with the Office of Lawyer Disciplinary Counsel 'I.D. No. 17-05-523.' " (ECF No. 2 at 5), indicating that with respect to the alleged breach of contract in retaining Defendants for legal services, a state proceeding may be pending that concerns the allegations contained in Plaintiff's complaint. It has long been held that state bar disciplinary proceedings involve an important state interest that warrants federal court deference, and where there is no indication that such proceedings are concluded, warrants federal court abstention from interfering with such proceedings. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982). The undersigned therefore respectfully recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's above state law claim because Plaintiff has failed to state any other claim for which relief can granted over which the District Court has original jurisdiction.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's ***Application to Proceed Without Prepayment of Fees and Costs*** (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTERED: July 22, 2019.

Omar J. Aboulhosn
United States Magistrate Judge